**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda S. Mendez, | No. CV-13-00838-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 32). Plaintiff seeks award of her attorney fees incurred in this Court and on appeal. Defendant does not object to Plaintiff obtaining all of the requested fees for her attorney's district court work, but does object to Plaintiff's request for attorney's fees for work on her unsuccessful appeal to the U.S. Court of Appeals for the Ninth Circuit.

On September 25, 2014, the Court vacated the final decision of the Commissioner of Social Security and remanded this case for further administrative proceedings. (Doc. 21.) The Court found that the ALJ erred in multiple, specific ways in weighing medical source evidence and concluded, "[T]he ALJ's explanation of her weighing of medical source evidence makes it impossible to determine whether it is supported by substantial evidence, but it is plainly not free from legal error." (*Id.* at 8.) The Court also found the

ALJ erred in evaluating Plaintiff's credibility in multiple, specific ways and concluded: "As with weighing medical source evidence, the ALJ's rambling explanation of her credibility determination is not free from error and fails to show that it is supported by substantial evidence." (*Id.* at 10.) Further, the Court found the ALJ erred in weighing a third-party function report because she failed to give reasons germane to the witness for discounting it. (*Id.* at 11.) Finally, the Court found that the ALJ failed to obtain reliable vocational information to decide whether Plaintiff's impairments prevent her from performing other work that exists in the national economy. (*Id.* at 14.) The vocational expert opined that a person limited to simple, low-stress, not fast-paced work could perform certain jobs, but then admitted he had no information or experience from which he could conclude that those jobs involved simple, low-stress, and not fast-paced work.

In its September 25, 2014 order, the Court denied Plaintiff's request that this case be remanded for award of benefits without further proceedings. A case may not be remanded for award of benefits unless three requirements are satisfied:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The test incorporates the requirement that "there are no outstanding issues that must be resolved before a determination of disability can be made." *Id.* at n.26. "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Even in the "rare circumstances" in which all three elements of the test are met, the decision whether to remand a case for additional evidence or simply to award benefits is discretionary. *Id.* at 1101-02. Applying the *Garrison* test, the September 25, 2014 order found that "the record is not fully developed regarding

Plaintiff's residual functional capacity and whether jobs exist in significant numbers in the national economy that Plaintiff can perform." (Doc. 21 at 15.)

Although the September 25, 2014 order vacated the ALJ's unfavorable decision, Plaintiff appealed it, arguing that a remand for computation of benefit was warranted. On appeal, the Ninth Circuit disagreed with Plaintiff:

> The district court did not abuse its discretion in remanding for further proceedings, because there are outstanding issues that must be resolved before a determination of disability can [b]e made. *Benecke v. Barnhart*, 379 F.3d 587, 590, 593 (9th Cir. 2004). Here, the record presents "conflicting evidence, and not all essential factual issues have been resolved" by the ALJ, including (1) assessing Mendez's credibility, (2) weighing the opinions of medical providers, and (3) incorporating Mendez's residual functional capacity into the job descriptions presented by the vocation expert.

(Doc. 32-1 at 18.)

Upon motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), a prevailing party is entitled to attorney's fees "unless th[is] court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of showing that its position was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). But a "request for attorney's fees should not result in a second major litigation." *Pierce*, at 563 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *accord Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017).

Defendant does not dispute that Plaintiff is a prevailing party and is entitled to attorney's fees for work that resulted in this Court vacating the ALJ's hearing decision even though Plaintiff did not obtain all of the relief sought in this Court. Defendant contends a fee award may be reduced based on the degree of success in obtaining the

relief sought and urges the Court to deny Plaintiff only the fees incurred pursuing an unsuccessful appeal.

Plaintiff contends that all time spent on a case is compensable as long as the attorney's actions are reasonable. Plaintiff asserts, "It was reasonable to argue that Mendez should not be countenanced to wait another several years and engage in further proceedings when she provided relevant and material evidence of disability, which evidence was not properly considered by the ALJ." (Doc. 38 at 8.) However, the mandate from the Ninth Circuit denying her appeal from the September 25, 2014 order did not issue until February 10, 2017. It was not reasonable to spend more time appealing denial of award of benefits than it likely would have taken for further administrative proceedings on remand. Moreover, it was not reasonable to seek remand for award of benefits where there were multiple outstanding issues to be resolved before a determination of disability could be made. Defendant was substantially justified in opposing Plaintiff's request for remand for award of benefits both in this Court and before the Ninth Circuit.

IT IS THEREFORE ORDERED that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 29) is granted only for fees incurred through September 25, 2014, and is otherwise denied. Plaintiff is awarded attorneys' fees in the amount of $6,068.75.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Plaintiff in the amount of $6,068.75 for attorneys' fees against Defendant, with interest at the federal judgment rate of 1.31 % per annum from the date of entry of judgment.

Dated this 6th day of October, 2017.

_____
Neil V. Wake
Senior United States District Judge